# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

RANDY A. HART,

      Plaintiff,

-v-                                    Case No.  8:13-CV-2533-T-30MAP

STATE OF FLORIDA,

      Defendant.
_____/

## ORDER

Plaintiff, a State of Florida prisoner proceeding *pro se,* initiated this cause of action by filing a "Review of Documents" (Dkt. 1). Since the pleading seeks monetary damages, the Court construes it as a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff names the State of Florida as defendant in this action. Plaintiff appears to challenge his convictions entered in Polk County, Florida, for grand theft and attempted burglary of a dwelling, on the ground that his attorney rendered ineffective assistance. As relief, Plaintiff seeks monetary damages and release from incarceration.

## ANALYSIS

Because Plaintiff has not paid the filing fee and therefore seeks to proceed *in forma pauperis* in this action, this Court is required to review Plaintiff's case to determine whether his allegation of poverty is untrue, *see* 28 U.S.C. § 1915(e)(2)(A), or whether the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. *See id.* at 328. Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, or when the claims rely on factual allegations which are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Initially, to the extent Plaintiff seeks monetary damages against the State of Florida, the Eleventh Amendment bars a § 1983 action against a state for monetary damages unless waived by the State or Congress. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-103 (1984). The State of Florida has not waived its Eleventh Amendment immunity, nor has Congress abrogated that immunity in § 1983 cases. *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986).

Lastly, to the extent Plaintiff's requests release from incarceration and reversal of the criminal convictions, his request is not cognizable under § 1983. Plaintiff's exclusive remedy is a petition for writ of habeas corpus. *See Pugh v. Smith*, 333 Fed. Appx. 478 (11th Cir. June 24, 2009) (unpublished) (stating that "[a] habeas petition is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate release.") (citing in part *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

ACCORDINGLY, the Court **ORDERS** that:

1.      Plaintiff's civil rights complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) as frivolous (Dkt. 1).

2.      The Clerk of Court shall enter judgment against Plaintiff, terminate all pending motions, and close this file.

3.      In the event Plaintiff intended to file a § 2254 habeas petition to challenge the criminal convictions, the Clerk shall enclose a copy of the court-approved form used in filing a request for federal habeas relief pursuant to 28 U.S.C. § 2254 with Plaintiff's copy of this Order.

**DONE** and **ORDERED** in Tampa, Florida on October 4, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*

3